UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DESMOND INGRAM, SCOTT HAWKINS, AKEEM
HUGGINS, AND JUSTIN HAWKINS

                               Plaintiffs,

     -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICERS JAMES
JACKSON, SHIELD # 3282, STEVEN NICHOLS,
SHIELD # 917139, STEVEN SCHRELL, SHIELD
# 348411, **POLICE OFFICER FRANK ALIFFI
SHIELD 13997** SGT. MITCHELL, JOHN AND
JANE DOE, AS INDIVIDUALS AND
POLICE OFFICERS
                          Defendants.
-----------------------------------------------------------------X

**SECOND AMENDED
VERIFIED COMPLAINT**

INDEX NO. 10 CV 5883
(BMC)

     Plaintiffs Desmond Ingram, Scott Hawkins, Akeem Huggins and Justin Hawkins by their attorney Royce Russell of Emdin & Russell, LLP for their complaint allege as follows:

## NATURE OF CLAIMS

1) Plaintiffs seek redress pursuant to 42 U.S.C. Section 1983 and 1988 et seg., for violation of rights secured by the First, Fourth, Sixth, Eighth Amendments and Due Process Clauses of the Fourteenth Amendment of the United States Constitution.

2) Plaintiffs also seek redress under Article 1, Section 11 of the New York State Constitution for denial of equal protection, and redress for tortuous conduct against Plaintiffs by Defendants through Assault, Battery, False Arrest, False Imprisonment, Illegal Search and Seizure, Abuse of Process, Abuse of Power and Authority, Conspiracy, Fabrication of Evidence, Malicious Prosecution and Prima Facie Tort.

3) Plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief an award of costs, interest and attorney's fees and such other further relief as this court deems equitable and just.

4) Due to outrageous and intentional acts of Police Misconduct, the Plaintiffs', innocent African-American males, were beaten by said Defendants separately. The Plaintiffs were unlawfully arrested for purely fictitious crimes conjured up by said Defendant Police Officers while knowing all along that no crimes had been committed. Moreover, all said Police Officer Defendants conspired to and in fact did knowingly offer false statements in efforts of having Plaintiffs criminally prosecuted.

## JURISDICTION

5) This Court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201 and 2202, to hear and decide these claims for relief. This Court has pendent and supplemental jurisdiction over all claims asserted herein under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a).

6) Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c). All material events described in this Complaint occurred in the City of Staten Island, State of New York.

## JURY TRIAL DEMANDED

7) Plaintiffs demand a trial by jury of claims pleaded herein.

## PARTIES

8) Plaintiffs, Desmond Ingram, hereafter referred as "Desmond", Akeem Huggins, hereafter referred as "Akeem", Justin Hawkins, hereafter referred to as "Justin", and Scott Hawkins, hereafter referred to as "Scott", are all United States citizens and residents of the City of New York, County of Richmond, State of New York.

9) Defendant Police Officers Jackson, Nichols, Schrell, Mitchell, Aliffi, John and Jane Doe are all Police Officers employed by the City of New York, and New York City Police Department and are still currently employed by said same.

10) All of the aforementioned Defendant Police Officers were at all times relevant herein duly appointed and acting officers, servants, employees, and agents of the New York City Police Department, a municipal agency of the City of New York. All of the aforementioned named Defendant Police Officers are also being sued individually.

11) At all time relevant herein, all of the aforementioned named Defendant Police Officers were acting under color of the laws, statues, ordinances, regulations, policies, customs and usages of the State of New York, and the City of New York Police Department, and were acting in the course and scope of their duties and functions as officers, agents, servants, and employees of the City of New York, the New York City Police Department, and/or New York City Police Department and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. At all times relevant herein, all of the aforementioned named Defendants Police Officers were acting for and on behalf of the City of New York Police Department, with the power and authority vested in them as officers, agents, servants and employees of the City of New York Police Department, a municipal agency of the City of New York. The Defendant City of New York is liable for all the Causes of Action mentioned herein based on the principle of Respondeat Superior, as well as other principles articulated herein.

## PRELIMINARY FACTS

12) Plaintiffs have complied with all conditions precedent to commencing this action and, in particular, on or about February 2, 2010 and May 5, 2010, within ninety (90) days after the claim upon which this action is based, Plaintiffs duly served upon the Defendants a Notice of Claim pursuant to and in full compliance with the provisions of § 50-h of the New York State General Municipal Law.

13) More than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been rejected or refused by the Defendants.

14) This action is being commenced within one (1) year and ninety (90) days after the happening of the event upon which this claim is based.

15) No 50-h hearings were conducted by the Defendants, although Plaintiffs were available.

## STATEMENT OF FACTS

16) Plaintiffs were falsely detained, assaulted, arrested and illegally seized and searched by all of the aforementioned named Defendant Police Officers on or about January 20, 2010 at approximately 6:00 p.m. or thereafter at the locations of South Avenue between Richmond Terrace and Arlington Street, 99 Grandview Avenue and/or the 120th precinct located at 78 Richmond Terrace, Staten Island, NY 10301, all in the City of New York, County of Richmond and the State of New York.

17) The arrests and detentions by said Defendants were made without cause or justification. Defendants intentionally, willfully and maliciously, wrongfully, unlawfully, and unjustifiably arrested, detained, assaulted, battered and incarcerated Plaintiffs.

18) On or about January 20, 2010 Plaintiffs Desmond, Akeem and Justin were walking on or near the vicinity of South Avenue between Richmond Terrace and Arlington Street in Staten Island, County of Richmond, State of New York, when they were illegally/falsely detained.

19) Desmond was grabbed, pushed into a gate and ordered to produce identification, for which he complied, nonetheless, Desmond was still thrown onto the hood of a car, punched in the face with Defendant's fists, hit by Defendants with police equipment and then illegally searched. Desmond was handcuffed and placed in a police vehicle.

20) Desmond was punched by numerous Police Officer Defendants while handcuffed with both arms behind his back and forcibly pulled from said vehicle by his feet, causing his head to hit the concrete ground. Plaintiff was repeatedly asked by Defendant "Where was his phone?" While on the ground, Defendants had their knee on his back and another

female Police Officer Defendant was stepping on his leg and face while he was being punched and kicked.

21) Plaintiff Desmond was transported to the 120th Precinct whereupon he was illegally searched, fingerprinted and photographed. Defendants falsely charged Desmond with committing the criminal acts of Harassment, Felony Assault, Resisting Arrest, and Disorderly Conduct pursuant to docket 2010R1000778.

22) Plaintiff Akeem was also illegally detained with Desmond on or about January 20, 2010 at approximately 6:00 p.m. at the aforementioned location, he too was grabbed, illegally searched and assaulted as he observed Desmond being beaten. However, Akeem fled and ran to Desmond's house to inform Desmond's mother that Desmond was being beaten.

23) When Akeem arrived at Desmond's residence, the Defendants were present, in which Akeem was arrested. Plaintiff Akeem was illegally searched at the 120th precinct. Akeem was ordered to forward his personal property, he complied and gave the Defendants his jewelry, wallet and cell phone.

24) Akeem was never given a voucher, despite his request, and his property was never returned upon his release and dismissal of all criminal charges filed.

25) Plaintiff Akeem was handcuffed during his entire detention, despite the fact he was in a locked cell. Plaintiff Akeem, like Desmond, was illegally detained for twenty four (24) hours before being presented before a judge.

26) Plaintiff Akeem, like Desmond, was falsely charged criminally for Harassment, Felony Assault, Resisting Arrest and Disorderly Conduct pursuant to docket 2010RI00077.

27) Plaintiff Justin, who was also with Desmond and Akeem, was illegally detained on January 20, 2010 at the approximate time of 6:00 p.m. at the aforementioned location whereupon he was grabbed, pushed into a gate, illegally searched and when the Defendants attempted to throw him to the ground, Justin ran as he was hit with one of the Defendants' cell phone. Plaintiff Justin ran to his residence whereupon his family returned with him to the 120th precinct.

28) Upon Justin's arrival at the 120th precinct, he was arrested. Justin was then taken behind a precinct door to a stairway, whereupon, he was tripped to his knees, kicked, stomped, dragged, thrown against the precinct walls, all while handcuffed behind his back. Further, Plaintiff Justin's braids were pulled from his scalp.

29) Justin was falsely charged with the criminal conduct of Harassment, Petty Larceny, Possession of Stolen Property, Felony Assault and Disorderly Conduct.

30) Like Plaintiffs Desmond and Akeem, Justin was fingerprinted and photographed and charged pursuant to docket 2010R100076. Justin was also illegally detained for twenty

four (24) hours before being presented to the Court.

31) Plaintiff Justin, unlike Desmond and Akeem, was not released on his own recognizance but was detained on $2,500.00 bail for four days before his release.

32) Plaintiff Scott, on January 20, 2010, shortly after 6:00 p.m. arrived at the 120th precinct to inquire about his son Justin. Plaintiff made his inquiry but was not given any information.

33) Upon leaving the precinct, Plaintiff Scott was maced in the eyes by an officer without provocation. Plaintiff Scott was jumped on from behind and choked until he was brought to the floor. Scott was kneed and kicked as well as hit with a nightstick and/ or a baton. Scott was illegally seized, searched, fingerprinted and photographed before being placed in handcuffs in a holding cell.

34) Plaintiff Scott was refused medical attention, and his eyes were not irrigated for 30 minutes. Scott was detained for twenty four (24) hours or more and was falsely charged as Plaintiffs Desmond, Akeem, and Justin.

35) All of the abovementioned Plaintiffs were falsely charged and said criminal charges were dismissed on or about April 26, 2010. The conduct of Defendants in falsely detaining, assaulting, arresting, illegally seizing, searching and incarcerating Plaintiffs proximately caused Plaintiffs serious and permanent physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

36) All conduct of the Defendants herein was gross, unlawful, wanton, intentional, purposeful, reckless, negligent and careless.

37) At the time of Plaintiffs' arrest, Plaintiffs had committed no criminal act whatsoever. After Plaintiffs' arrests, all of the named Defendant Police Officers conspired to "cover-up" their wrongdoing by deliberately manufacturing false evidence against the Plaintiffs.

38) All said named Police Officer Defendants deliberately provided false and misleading evidence against the Plaintiffs to prosecutorial agencies.

39) The conduct and actions of the Defendant Police Officers in this case constituted a serious and material departure from establishment methods or Police conduct and procedure.

40) Plaintiffs were respectively forced to retain a criminal defense attorney to defend the false charges against them. Based on the fatal absence of any evidence whatsoever connecting the Plaintiffs to these fabricated crimes and total lack of credibility and/or believability of the Defendant Police Officers, Plaintiffs charges were dismissed on April 26, 2010.

41) The conduct of the Defendants in falsely detaining, arresting, assaulting, imprisoning and fabricating evidence proximately caused Plaintiffs serious and permanent emotional

injury, pain and suffering, mental anguish, humiliation and embarrassment.

42) All conduct of the Defendants herein were gross, willful, wanton, intentional, purposeful and reckless, negligent and careless.

43) On or about April 26, 2010 all criminal charges were dismissed that being Felony Assault, Harassment, Disorderly Conduct and Resisting Arrest among other charges. All of the aforementioned charges were brought against the Plaintiffs based on false information and evidence that was provided to the District Attorney of Richmond County by the named Police Officers herein.

44) All such information was in fact deliberately false and manufactured by all said Defendants as part of their conspiracy to cover-up their wrongdoing for assaulting, illegally searching, and seizing the Plaintiffs as well as falsely detaining and arresting the Plaintiffs for no legitimate cause or purpose.

45) During the Grand Jury presentation, the Defendants deliberately falsely testified against the Plaintiffs in furtherance of their conspiracy to cover-up their wrongdoing. Fortunately, the citizens of Richmond County serving as Grand Jurors dismissed all charges filed against the Plaintiffs.

## FIRST CLAIM OF RELIEF
## 42 U.S.C. 1983

46) Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "45" of this complaint with the same force and effect as if more fully and at length set forth herein.

47) By the aforesaid acts, Defendants have violated Plaintiffs' rights to the equal protection of laws under the Fourteenth Amendment to the United States Constitution, thereby giving rise to a cause of action pursuant to 43 U.S.C. 1983.

48) The conduct and actions of the named Defendant Police Officers, and the Defendant City of Staten Island, acting under color of law, in falsely arresting, detaining, incarcerating, assaulting, maliciously prosecuting, providing false evidence and conspiring against Plaintiff, was done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. 1983, et seq., deprived the Plaintiffs of rights including, but not limited to, their rights under the First and Fourth Amendments guaranteeing due process, right to fair trial and equal protection under the law, and the Eight Amendment guaranteeing protection from cruel and unusual punishment, and Title 42 U.S.C. 1983, et seq.

49) By reason of the Constitutional violations by the Defendants, Plaintiff has been damaged

as set forth above.

## SECOND CLAIM FOR RELIEF
## NEW YORK CONSTITUTION
## ART. I, 11

50) Plaintiffs repeat reallege every assertion contained in paragraphs "1" through "49" of this complaint with the same force and effect as if more fully and at length set forth herein.

51) By the aforesaid acts, Defendants have violated Plaintiffs' right to the equal protection laws under Article I, 11 of the New York State Constitution, thereby giving rise to cause of action pursuant to that Article.

52) The conduct and actions of the named Defendant Police Officers, and Defendant City of Staten Island, acting under color of law, in falsely arresting, detaining, imprisoning, assaulting, maliciously prosecuting and conspiring against Plaintiff, was done intentionally, maliciously and/or with a reckless disregard for the natural probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiffs' Constitutional rights as guaranteed under law and Constitution of the State of New York. The above described actions and omissions engaged in under color of state law by the named Police Officer Defendants, including Defendant City of Staten Island, sued as a person within the meaning of Article I, 11 deprived the Plaintiff of rights, including but not limited to, their rights under Article I, 8, 9 guaranteeing freedom of expression and association, Article I, 12 guaranteeing protection against unlawful seizure of his person, Article I, 11 guaranteeing due process and equal protection under the law, and Article I, 15 guaranteeing protection from cruel and unusual punishment.

53) By reason of the Constitutional violations by Defendants, Plaintiffs have been damaged as set forth above.

## THIRD CLAIM FOR RELIEF
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

54) Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "53" of this complaint with the same force and effect as if more fully and at length set forth herein.

   a. The above described injuries suffered by the Plaintiffs are the proximate result of the negligence of the Defendant New York City Police Department, in that the Defendant City of New York and the New York City Police Department failed to exercise reasonable care in the hiring, employment, supervision and training of its employees.

55) The Defendant City of New York and the New York Police Department had, or should have had, knowledge of the vicious and violent tendencies of its employees, including all of the named Police Officer Defendants.

56) Defendant City of New York, and the New York Police Department knew or should have known of the unlawful actions of the named Police Officer Defendants, through actual and constructive notice, of their unlawful activities, including but not limited to those allegations as set forth in the preceding paragraphs above. Defendants New York and New York City Police Department failed to exercise reasonable care by retaining and not terminating the employment of the named Police Officer Defendants or taking other appropriate action. The occurrence complained of herein was due to the negligence and recklessness of the Defendant City of New York and the New York Police Department.

57) By reason of the tortuous conduct of Defendants, Plaintiffs have been damaged as set forth above.

## FOURTH CLAIM FOR RELIEF
## FALSE ARREST AND IMPRISONMENT

58) Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "58" of this complaint with the same force and effect as if more fully and at length set forth herein.

59) By the aforesaid acts, Defendants unlawfully and unjustifiably arrested and detained Plaintiffs without any lawful cause whatsoever. Defendants acted willfully, unlawfully, maliciously, recklessly and negligently in arresting and detaining Plaintiffs despite Plaintiffs' innocence, and utilized the criminal justice system through conspiracy and providing false evidence and/or the fabrication of evidence to prosecute Plaintiff in order to cover-up their own wrongful conduct.

60) The Defendants tortuous conduct as set forth above herein directly resulted in the Plaintiffs being wrongfully imprisoned for at least twenty four (24) hours.

61) By reason of the Defendants tortuous conduct, Plaintiffs have been damaged as set forth above.

## FIFTH CLAIM FOR RELIEF
## PRIMA FACIE TORT

62) Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "62" of this complaint with the same force and effect as if more fully and at length set forth herein.

63) In falsely arresting, detaining, imprisoning, fabricating and conspiring against Plaintiffs, Defendants acted with malicious intent, recklessness and negligence to injure and harm

Plaintiffs.

64) By reason of the tortuous conduct of Defendants, Plaintiffs have been damaged as set forth above.

65) For all claims under New York State Law, Defendants are jointly and severally liable to the Plaintiffs inasmuch as this action arises out of the exceptions set forth in 1602 subdivisions 5, 7 and 11 of the Civil Practice Law and Rules.

## SIXTH CLAIM FOR RELIEF
## ASSAULT AND BATTERY

66) Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "66" of this complaint with the same force and effect as if more fully and at length set forth herein.

67) By the aforesaid acts, Defendants have caused physical harm and injury upon the person(s) of each individual Plaintiff named in the compliant herein. Defendants acted willfully, unlawfully, maliciously, recklessly, unjustifiably, negligently, in the use of excessive force upon the Plaintiffs' person, through the violent use of punches, kicks, shoves, pushes, thrown to the ground, onto the hood of a car, dragged, maced and other abusive physical acts.

68) By reason of the tortuous conduct of Defendants, Plaintiffs have been damaged as set forth above.

## SEVENTH CLAIM FOR RELIEF
## CONSPIRACY AND FABRICATION OF EVIDENCE

69) Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "69" of this complaint with the same force and effect as if more fully and at length set forth herein.

70) The named Police Officer Defendants did knowingly and intentionally agree and/or otherwise conspire to provide false testimony and/or evidence against the Plaintiffs to cover-up their wrongdoing of falsely arresting, detaining, imprisoning, assaulting, fabricating evidence such as testimony to grand jurors to ensure the malicious prosecution of the Plaintiffs.

71) The product of said conspiracy and fabrication of evidence could have led to Plaintiffs being sentenced to jail for several years and receiving a felony and/or criminal record.

72) The Defendants tortuous conduct caused the Plaintiffs to suffer severe emotional distress and thus the Plaintiffs have been damaged as set forth above.

## EIGHTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION

73) Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "73" of this complaint with the same force and effect as if more fully and at length set forth herein.

74) The Defendants intentionally and knowingly provided false evidence, testimony, and/or information to the prosecution and its agencies involved herein in an effort to conceal their wrongful actions.

75) Based on the Defendants' deliberate actions as set forth above, the Plaintiffs were falsely and maliciously prosecuted by the Staten Island District Attorney's Office.

76) The Plaintiffs were compelled to retain counsel to defend themselves against the false charges that were filed against them.

77) Initially, the Plaintiffs were charged with a "D" felony of assault and other charges that could have exposed them to several years of incarceration in a New York State Correctional Facility.

78) As set forth above, the Plaintiffs were forced to endure a full Grand Jury Presentation based on the Defendants' actions.

79) During the Grand Jury presentation, the named Police Officer Defendants upon information and belief, all testified, this testimony was falsely against the Plaintiffs, for which the Grand Jurors of the County of Richmond found unbelievable and therefore dismissed all criminal charges.

80) By reason of the tortuous conduct of Defendants, the Plaintiffs have been damaged as set forth above.

## MONELL CLAIM

81) Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "81" of this complaint with the same force and effect as if more fully and at length set forth herein.

82) At all time material to this complaint, the Defendant City of New York acting through the New York Police Department, had in effect de facto policies, practices and customs that were a direct and proximate cause of the unconstitutional conduct of Defendants. These de facto policies, practices and customs include, inter alia: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control Police Officers who are

repeatedly accused of such acts; and, the Police Code Silence wherein Police Officers regularly cover-up police misconduct such as racial profiling, the unjustified use of force and tactics, like telling false and incomplete stories, or failing to report the misconduct and unjustified force and tactics by other Police Officers during their course of employment.

83) Additionally, Defendants allowed the named Defendants and other officers to participate in racial profiling as to people of color, in particular African-American and Latino males, such as illegally detaining, arresting and assaulting African-American and Latino males and then falsifying, fabricating evidence to cover-up their misconduct.

84) While the tolerance for brutality and racial profiling arises from the same set of police attitudes as the tolerance for corruption, there is an important difference. Unlike serious corruption, which most cops outwardly tolerate but inwardly deplore and resent, officers seem fairly tolerant—both outwardly and inwardly—of occasional police brutality and the use of racial profiling…[M]any do not seem to believe that anything is really wrong with a few blows and bruises now and then. Even officers who would never take a free cup of coffee, seem to tolerate what they believe is a little "street justice." An excessive use of fists to face, a nightstick to the ribs, and knees to groin are seen as the realities of policing. Upon information and belief, this mentality is extended to racial profiling.

85) The Defendant City of New York and the New York Police Department had or should have had, knowledge of the vicious and violent tendencies of its employees, including all of the named Police Officer Defendants.

86) The Defendant City of New York knew or should have known of the unlawful actions of all of the named Police Officer Defendants through actual and constructive notice of their unlawful activities, including but not limited to, those allegations as set forth in paragraphs "1" through "86" above.

87) Defendant the City of New York failed to exercise reasonable care by retaining and not terminating the employment of all said named Police Officer Defendants or taking other appropriate corrective action. The occurrences complained of herein were due to the negligence and recklessness of the Defendant the City of New York, County of Richmond.

88) Upon information and belief, the Defendant the City of New York and New York Police Department have failed to effectively screen, hire train, supervise, and discipline their Police Officers, including all of the named Defendant Police Officers, for their propensity for misconduct, including lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct of other Police Officers, thereby permitting and allowing the named Police Officer Defendants herein to be in a position to unjustifiably manufacture evidence, arrest, restrain and assault the Plaintiffs and to otherwise cause them injury and violate their state and federal constitutional rights.

89) Upon information and belief, all of the named Police Officer Defendants have been the

subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to, the City of New York that all of the named Police Officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by Plaintiffs herein.

90) Upon information and belief, the Defendant City of New York and the New York Police Department, maintained an inadequate structure for risk containment and stress management relevant to its Police Officers, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time selection of Police Officers and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual Police Officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit Police Officers to function at levels of significant and substantial risk to the public.

91) As a result of the foregoing conscious policies, practices, customs and /or usages, Defendant City of New York and the New York Police Department, have permitted and allowed the employment and retention of individuals as Police Officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent and fraudulent behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the injuries to Plaintiffs herein.

92) As a result and proximate result of the City of New York's wrongful policies, practices customs and/or usages complained of herein, Plaintiffs have suffered severe physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

93) Defendant City of New York is additionally liable under the legal principle of Respondeat Superior, in that all of the named Police Officer Defendants were on duty and were acting in the course and scope of their duties and employment as a City of New York Police Officer during the detention, false arrest, malicious prosecution and assault upon Plaintiffs Desmond, Scott, Akeem and Justin.

WHEREFORE, Plaintiffs Desmond Ingram, Scott Hawkins, Akeem Huggins, and Justin Hawkins respectfully request judgment upon all causes of action against Defendants as follows:

1. With respect to Defendant The City of New York; and New York Police Department

    (a) Declaratory judgment declaring that Defendant City of New York and New York Police Department has violated the aforesaid statues and constitutions.

(b) Restitution to Plaintiffs of their rights, privileges, benefits and income which would have been received by him but for the Defendants unlawful, wrongful, tortuous, and unconstitutional conduct;

(c) Compensatory damages in an amount to be determined by the court and jury;

(d) Punitive damages in the amount to be determined by the court and jury

(e) Reasonable attorney's fees, disbursements and costs of this action, pursuant to U.S.C. Section 1988;

(f) All legal and statutory interest on sums awarded

(g) Such other and further relief as this honorable court may deem just, proper and equitable

2. With respect to each Police Officer Defendants;

(a) Declaratory judgment declaring that the Defendants have violated the aforesaid statues and constitutions;

(b) Restitution to Plaintiffs of their rights, privileges, benefits and income which would have been received by them but for Defendants' unlawful, wrongful, tortuous, and unconstitutional conduct.

(c) Compensatory damages in an amount to be determined by the court and jury;

(d) Punitive damages in an amount to be determined by the court and jury;

(e) Reasonable attorney's fees, disbursements, and costs of this action, pursuant to 42 U.S.C. Section 1988;

(f) All legal and statutory interest on sums awarded.

Dated: New York, New York
March 16, 2011

Emdin & Russell, LLP.
Royce Russell, Esq.
Attorneys for Plaintiffs
286 Madison Avenue Ste 2002
New York, New York 10017
(212) 683-3995

**ATTORNEY'S VERIFICATION**

The undersigned, an attorney admitted to practice in the Courts of the State of New York certifies as follows:

That I am an attorney associated with the law firm of Emdin & Russell, LLP., the attorneys of record for the Plaintiffs in the within action; that I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

The undersigned further states that the reason this Verified Complaint is made by me and not by the Plaintiffs is that the Plaintiffs do not reside in the County where the undersigned maintains an office.

The grounds of my belief as to all matters stated upon my knowledge are my interviews with the Plaintiffs and a reading of the documents in my case file.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
       March 16, 2011

By: Royce Russell, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DESMOND INGRAM, SCOTT HAWKINS, AKEEM
HUGGINS, AND JUSTIN HAWKINS
                                  Plaintiffs,

     -against-

THE CITY OF NEW YORK, NEW YORK
POLICE DEPARTMENT, POLICE OFFICERS JAMES
JACKSON, SHIELD # 3282, STEVEN NICHOLS,
SHIELD # 917139, STEVEN SCHRELL, SHIELD
# 348411, POLICE OFFICER FRANK ALIFFI SHEILD 13997
SGT. MITCHELL, JOHN AND JANE DOE,
AS INDIVIDUALS AND POLICE OFFICERS

                                  Defendant(s).

---

## SECONDAMENDED VERIFIED COMPLAINT

---

LAW OFFICES OF EMDIN & RUSSELL
Attorney for Plaintiffs
286 Madison Avenue, Suite 2002
New York, NY 10017
(212) 683-3995

TO: Michael Cardozo
     Attorney for Defendants
     100 Church Street
     New York, New York 10007

---

Pursuant to 22 NYCRR 130-1.0, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: March 16, 2011                                        Signature

                                                             ROYCE RUSSELL, Esq.

---

PLEASE TAKE NOTICE

[ ]   NOTICE OF ENTRY
      that the within is a (certified) true copy of a
      duly entered in the office of the clerk of the within named court on

[ ]   NOTICE OF SETTLEMENT that an order          of which the within is a true copy will be
      presented for settlement to the HON.             one of the judges of the within named Court, at
on       20___